**SHANER, Plaintiff-Appellant, v. BAHNS et, Defendants-Appellees.**

Ohio Appeals, Second District, Greene County.

Nos. 570, 571. Decided March 23, 1956.

Schlafman & Elliott, Fairborn, for plaintiff-appellant.
George R. Smith, Pros. Atty., Xenia, for defendants-appellees.

(Heard in the Second District by judges of Second and Sixth Districts.)

**OPINION**

By DEEDS, J.

Two appeals are presented from separate judgments of the Court of Common Pleas of Greene County, involving the same parties and subject matter.

The judgments before this court for review are the result of action taken by the defendants-appellees as the County Commissioners and County Engineer of Greene County in notifying and requiring plaintiff-

appellant to remove a certain advertising sign from his property for the claimed reason that the sign created an obstruction at intersecting highways, which action by the county officers was pursuant to §§5547.03 and 5547.04 R. C.

We find before us in the transcript of the proceedings the copy of a resolution which purports to be the initial or first official action take by the County Commissioners relating to the matter in controversy, as follows:

"August 29, 1955

"Greene County Commissioners in session, all members present.

"In re—Resolution.

"Since it has come to the attention of this Board of County Commissioners that a sign has been erected by Mr. Harold Shaner at the intersection of State Route No. 69 and Bath Road, which sign is obstructing the view at the aforesaid intersection, therefore, Mr. Crone moved that Mr. Shaner be instructed under §§5547.04, 5547.03 R. C. to remove same within 5 days of receipt of notice.

"Mr. Fudge seconded the motion and on roll call, the result was as follows:

"Mr. Bahns - - Aye
"Mr. Crone - - Aye
"Mr. Fudge - - Aye."

Following the action of the Commissioners in the adoption of the foregoing resolution, a notice was addressed to and received by the appellant, a copy of which also appears in the record before us as follows:

"August 31, 1955

"Mr. Harold Shaner
"Route No. 9
"Dayton, Ohio
"Dear Sir:

"You are hereby ordered by the Board of County Commissioners of Greene County, Ohio in accordance with §5547.04 R. C., to immediately remove any or all signs erected on your land at the intersection of Ohio State Route No. 69 and Bath Road, which are obstructing the view at the aforesaid intersection.

"You are further directed to §5547.03 R. C., which specifies that such obstruction shall be removed within a period of five days after notification or they may be removed by the County at the owner's expense.

Very respectfully yours,
Raymond G. Spahr, Clerk
Greene County Commissioners."

It is undisputed that thereafter a second notice was addressed to and received by the appellant, as follows:

"September 15, 1955

"Mr. Harold Shaner
"Route No. 9
"Dayton, Ohio
"Dear Sir:

"You are hereby ordered by the Board of County Commissioners of

Greene County, Ohio, in accordance with §5547.04 R. C., to immediately remove any or all signs erected on your land at the intersection of Ohio State Route No. 69 and Bath Road, which are obstructing the view at the aforesaid intersection.

"You are further directed to §5547.03 R. C., which specifies that such obstruction shall be removed within a period of five days after notification or they may be removed by the County at the owner's expense.

"The above is a copy of the first notice sent to you by registered mail on August 31, 1955.

"You have an alternative to the above directions. That is to set the said sign back the length of itself and do it within the specified time of five days.

Very respectfully yours,
Raymond H. Spahr, Clerk
Bd. of Greene County Commissioners."

On September 19, 1955, plaintiff-appellant filed his petition seeking an injunction against the defendants-appellees from taking any further action toward removing or interfering with the sign located upon the property of the plaintiff.

On September 27, 1955, plaintiff filed his notice of appeal from the decision of the defendants-appellees, to the Court of Common Pleas of Greene County. Thereafter, defendants filed a demurrer to both the petition of the plaintiff for an injunction and plaintiff's notice of appeal.

It is from the action of the trial court in sustaining the demurrers to both plaintiff's petition and notice of appeal and entering judgments against appellant, that these appeals were taken.

Sec. 307.56 R. C., provides, respecting appeals from decisions of a Board of County Commissioners by a person aggrieved:

"Sec. 307.56 R. C. (2461). Appeal from decision of board of county commissioners.

"A person aggrieved by the decision of the board of county commissioners in any case, may appeal within fifteen days to the court of common pleas, notifying the board of such appeal at least ten days before the time of trial. The notice shall be in writing, and delivered personally to the board, or left with the county auditor. At its next session, the court shall hear and determine the appeal, which decision shall be final."

We therefore determine that plaintiff-appellant was afforded a remedy by appeal from the action of the County Commissioners and that therefore the action of the trial court in sustaining the demurrer to and dismissing plaintiff's petition for an injunction was in accord with the established law in the State. Eggers et al, Appellees, v. Moor et al, County Commrs., et al., Appellants, 162 Oh St 521.

In considering the demurrer to the appellant's notice of appeal as a motion to dismiss the appeal, this court reaches the conclusion from a consideration of the written notices addressed to the appellant by the defendants-appellees, that appellant's notice of appeal was duly filed within the time required by law and that the trial court was therefore in error in dismissing the appeal of appellant.

We are led to this conclusion by reason of the second notice addressed to appellant by the Clerk of the County Commissioners, which, although purporting to be a copy or repetition of the first notice, contains a significant change of attitude and action as follows:

"You have an alternative to the above directions. That is to set the said sign back the length of itself and do it within the specified time of five days."

It is clear, in our view, that the foregoing statement contained in the second notice, followed a reconsideration of the subject involving a removal of the sign in question from the property of appellant by the County Commissioners and that therefore the time within which the appeal was required to be perfected should be considered as beginning on the date of the second notice, which was September 15th, 1955.

Therefore, the judgment of the Court of Common Pleas in cause No. 29871 seeking injunctive relief is affirmed and the judgment in cause number 29895, being the appeal from the decision of the County Commissioners is reversed and the cause is remanded for a determination of the appeal.

Judgment affirmed in cause number 570 (No. 29871), reversed and remanded in cause number 571 (No. 29895).

MILLER, PJ, HORNBECK, J, concur.